**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 1:21 pm, Sep 17, 2015*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
|  | ) | Number <u>11-30148</u> |
| BUTLER LOGGING, INC., | ) |  |
|  | ) |  |
| Debtor | ) |  |
| ———————————————————— | ) |  |
|  | ) |  |
| TODD BOUDREAUX, CHAPTER 7 TRUSTEE | ) |  |
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) | Adversary Proceeding |
|  | ) | Number <u>15-03002</u> |
| HALL OIL COMPANY, | ) |  |
|  | ) |  |
| Defendant | ) |  |
| ———————————————————— | ) |  |

## OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by Hall Oil Company ("Hall") seeking dismissal of the Chapter 7 Trustee's ("Trustee") 11 U.S.C. §547 and O.C.G.A. §18-2-74 complaint arguing the complaint is barred by the statute of limitations. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F) and the Court has jurisdiction under 28 U.S.C. §1334. For the following reasons, Hall's motion to dismiss is granted.

## FINDINGS OF FACT

Butler Logging, Inc. ("Debtor") filed its chapter 11

bankruptcy petition on April 1, 2011.  The §546(a)(1)(A)[1] deadline to file an avoidance action is two years from the petition date. This deadline expired April 1, 2013.  Debtor's case was converted to a chapter 7 case on March 5, 2014, after the deadline expired. Chap. 7 Case No. 11-30148, Dckt. No.   298.   The Trustee was appointed on March 12, 2014, again after the two year deadline had expired.  Chap. 7 Case No. 11-30148, Dckt. No. 300.

While Debtor did not list Hall on its Statement of Financial Affairs as a creditor receiving payments within the 90 day period prior to the petition date, payments to Hall do appear in Debtor's monthly operating reports, filed within the two year statute of limitations.  See generally, Chap. 7 Case No. 11-30148, Dckt. Nos.  40, 60, 89, 124, 133, 135, and 141.  The first operating report includes a check dated March 28, 2011 (3 days before the petition was filed) and references invoice numbers.  See Chap. 7 Case No. 11-30148, Dckt. No. 40, p. 29.

Debtor's creditors and the United States Trustee were very active in the chapter 11 proceedings.  See generally, Chap. 7 Case No. 11-30148, Dckt. Nos. 11, 19, 73-77, 99 142, 169, 182, 184, 185, 187, 193, 203, and 204.  Ultimately, Debtor's chapter 11 plan was

---

[1]  Unless noted otherwise all code section references refer to Title 11 of the United States Code.

AO 72A
(Rev. 8/82)

confirmed on June 18, 2012.[2]  Chap. 7 Case No. 11-30148, Dckt. No. 210.

A review of the operating reports show Debtor ceased operations around December 2012.[3] At this same time, Debtor ceased paying the United States Trustee Office its quarterly fees.  The operating reports for December 2012-March 2013 were not timely filed.  As a result of Debtor's failure to pay its quarterly fees and file its operating reports timely, Debtor's chapter 11 case was converted to a chapter 7 on March 5, 2014.[4]  The Trustee was appointed as the chapter 7 trustee on March 12, 2014.

The Trustee filed a Motion for Turnover of Property on

---

[2]  Three creditors accepted the plan and one creditor initially rejected the plan; however the rejection was subsequently resolved by a consent order, with this creditor ultimately supporting confirmation of Debtor's proposed chapter 11 plan as set forth in the consent order. See Chap. 7 Case No. 11-30148, Dckt. No. 207.

[3]  The operating reports for January 2013 and thereafter reflect total receipts of $0.00. See Chap. 7 Case No. 11-30148, Dckt. Nos. 274, 275, 276, 287, 288 and 289.  In addition, the December 2012 operating report shows de minimis receipts.  Id., Dckt. No. 273.

[4]  The United States Trustee filed a notice of Debtor's non-compliance with the terms of a prior consent order requiring Debtor to remain current in paying its quarterly fees and timely file its operating reports. See Chap. 7 Case No. 11-30148, Dckt. No. 169. At the hearing held March 4, 2014 on the Notice of Non-Compliance, the United States Trustee stated that he did not know that Debtor had ceased operations for over a year and he stated Debtor was delinquent in its payment of quarterly fees.  The United States Trustee stated Debtor consented to convert the case.

3

December 31, 2014 seeking an order requiring Debtor to turnover all its bank account statements for the three months prior to the bankruptcy petition date and all post-petition account statements. Chap. 7 Case No. 11-30148, Dckt. No. 346.  A consent order granting the motion for turnover was entered February 10, 2015.  Chap. 7 Case No. 11-30148, Dckt. No. 355.  The consent order states Debtor "has produced to the Trustee copies of the requested documents that are readily available, and the Debtor continues to locate documents that are responsive to the Trustee's request" and the order required production by February 13, 2015.  Chap. 7 Case No. 11-30148, Dckt. No. 355.   The Trustee filed the current adversary proceeding on March 3, 2015.   The Trustee alleges his complaint was delayed because the Debtor did not respond to his request to turnover bank statements until he filed a motion for turnover.  Dckt. No. 17.

The original complaint only asserted a §547 preference claim.  Dckt. No. 1.  Hall filed a motion to dismiss arguing that the complaint was barred by the statute of limitations.   In response, the Trustee filed an amended complaint adding a second cause of action under Georgia's uniform fraudulent transfer statute, O.C.G.A. §18-2-74.  Hall filed a second motion to dismiss again arguing that the action is time-barred.

The Trustee argues the amended complaint is not barred by

4

the statute of limitations because Debtor's conduct delayed his appointment as trustee. The Trustee further asserts that prior to converting to a chapter 7 Debtor ceased operations but used its assets to form another entity post-petition, T-3. The Trustee alleges Hall knowingly conducted business with T-3 while being paid with checks from Debtor's Debtor-in-Possession account.[5] Given these facts, the Trustee argues the statute of limitations should be equitably tolled.

## CONCLUSIONS OF LAW

There is no dispute that the two year statute of limitations under §546(a) expired while Debtor's chapter 11 case was pending and well before this case was converted to a chapter 7 and the Trustee was appointed. The issue is whether the Trustee's complaint alleges sufficient facts to state a claim for equitable tolling of the statute of limitations that is plausible on its face.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

---

[5] Hall denies knowledge of Debtor's purported conduct related to these allegations, but for purposes of Rule 12(b)(6) these allegations are construed in the light most favorable to the Trustee.

5

12(b)(6)[6].  "In ruling on a 12(b)(6) motion, the court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dept. of Health and Human Servs. Ctrs. for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).  "To survive a motion to dismiss for failure to state a claim, heightened fact pleading of specifics is not required; instead, a plaintiff must plead only enough facts to state a claim to relief that is plausible on its face." Id. citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.

The statute of limitations for §547 avoidance actions is set forth in 11 U.S.C. §546(a), which states:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of-

---

[6] Made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012.

AO 72A
(Rev. 8/82)

(1) the later of-

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

11 U.S.C. §546(a).

In this case the focus is on §546(a)(1)(A) and whether this time period is extended by equitable tolling.[7] The "entry of the order for relief" was April 1, 2011. 11 U.S.C. §301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."); 11 U.S.C. §348(a) ("Conversion of a case from a case under one chapter of this title to a case under another chapter of this title . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."); In re Ferguson, 2014 WL 2761149, at *4 (Bankr. C.D. Ill. June 18, 2014) ("Specifically, in a converted case, the trustee's status for

---

[7]   The Trustee was not appointed until well after the expiration of the two year statute of limitations and therefore, §546(a)(1)(B) is not applicable. Furthermore, the case has not been closed or dismissed and therefore §546(a)(2) is not applicable.

7

purposes of section 544 is determined as of the date of commencement of the bankruptcy proceeding, not the date of conversion.") <u>citing</u> <u>General Elec. Credit Corp. v. Nardulli & Sons</u>, 836 F.2d 184, 191-92 (3d Cir. 1988).

There is no dispute the black-letter statutory deadline of §546 expired while the case was a chapter 11 case. Nevertheless, the Trustee opposes the motion to dismiss arguing the statute of limitations should be equitably tolled. Namely, the Trustee contends Debtor intentionally remained in a chapter 11 case to allow the §546 statute of limitations to expire. The Trustee contends this is evidenced by Debtor remaining in chapter 11 and untimely filing operating reports when Debtor was no longer in business, and by Debtor's failure to turnover its bank account statements until the Trustee filed a motion for turnover. At the hearing on the motion to dismiss, the Trustee contended Debtor formed a new entity, T-3, post-petition with its assets and Hall knowingly conducted business with the new entity while being paid from Debtor's Debtor-in-Possession account.[8]

The appropriate inquiry for equitable tolling is set forth

---

[8] Hall denies knowledge of Debtor's purported conduct related to these allegations, but for purposes of Rule 12(b)(6) these allegations are construed in the light most favorable to the Trustee.

8

by the Eleventh Circuit in <u>In re Int'l Admin. Servs., Inc.</u>, which held the statute of limitations may be equitably tolled "[w]here despite the exercise of due diligence, a trustee fails to timely bring an avoidance action due to fraud or extraordinary circumstances beyond the trustee's control . . . ." <u>In re Int'l Admin. Servs., Inc.</u>, 408 F.3d 689, 700 (11th Cir. 2005); <u>see also</u> <u>In re Pugh</u>, 158 F.3d 530, 538 (11th Cir. 1998)(holding §546(a) is a statute of limitations subject to equitable tolling and is a defense that can be waived). Two types of extraordinary factual scenarios give rise to equitable tolling. <u>In re Int'l Admin. Servs., Inc.</u>, 408 F.3d at 701. The first scenario is where "the defendant has taken positive steps after commission of the fraud to keep it concealed" and the second is when there has not been any active concealment, but "the plaintiff must then exercise due diligence in an attempt to discover the fraud." <u>Id.</u> Equitable tolling requires the showing of extraordinary circumstances such as deliberate concealment, misrepresentation or fraud. <u>Jackson v. Astrue</u>, 506 F.3d 1349, 1356 (11th Cir. 2007)("when a court is asked to toll a congressionally mandated statute of limitations, it has traditionally required a claimant to justify untimeliness by showing extraordinary circumstances.").

In this case, the facts alleged by the Trustee do not

9

state a claim of "extraordinary circumstances" justifying equitable tolling. The alleged facts that Debtor delayed filing its operating reports, formed T-3 with its assets, remained in the chapter 11 case after its operations ended until after the statute of limitations expired, and that Hall knowingly continued to accept payments from Debtor are not sufficient to state a claim of equitable tolling. Many courts have held that a debtor's delay in conversion of a chapter 11 is insufficient to overcome the plain language of §546.

> Congress clearly knew that a chapter 7 trustee could be appointed more than two years after the order for relief, yet it specifically provided for a one-year extension of the [two year] limitations period and only if the trustee was appointed within the two-year period . . . . Congress could have enacted a different version in order to protect the rights of a chapter 7 trustee under circumstances such as this. It elected not to do so.
> .
> .
> .
> .
> [T]he Bankruptcy Code recognizes the conflicting loyalties and priorities of a debtor-in-possession in Chapter 11 and contemplates the exercise of trustee powers by a debtor-in-possession will be closely supervised by creditors whose interests might be affected thereby. In addition to a creditor's right to exercise legal remedies for its own benefit, the Code also authorizes the appointment of creditor committees to protect the interests of a particular creditor constituency. If a debtor-in-possession wrongfully refuses to exercise the authority to

AO 72A
(Rev. 8/82)

prosecute certain causes of action which arise
under the Bankruptcy Code or under state law
[such as the Trustee seeks to pursue in this
case], the jurisprudence is clear . . . that a
committee of creditors may seek authorization
to prosecute such actions on behalf of the
bankruptcy estate.

.

.

.

.

Thus, creditors must act as watchmen on the
tower to assure that the debtor-in-possession,
as the authorized representative of a
bankruptcy estate is correctly exercising its
discretion regarding the pursuit of causes of
action which may be possessed by that estate.

.

.

.

.

If the creditors in this case had knowledge of,
or with a reasonable amount of diligence could
have obtained knowledge of, the potential
a v o i d a n c e    a c t i o n s    a n d    t h e
debtor-in-possession's election to forego the
pursuit of such actions as the two-year period
progressed, neither they nor any trustee
subsequently appointed on their behalf will be
heard to complain about the inequities of the
application of a statute of limitations.

In re Hydro-Action Inc., 341 B.R. 186, 191-92 (E.D. Tex.

2006)(internal citations omitted); see 11 U.S.C. §546, 1994

Amendments, House Report No. 103-835 (Congress clearly knew a

trustee could be appointed outside the two year period. In fact,

11

prior to the 1994 Amendments, §546(a)(1)(B)[9] allowed actions to be brought two years after the appointment of a trustee, or the time the case is closed or dismissed, whichever occurs later.); <u>In re Draiman</u>, 714 F.3d 462, 466 (7th Cir. 2013)(A debtor's delay in converting from a chapter 11 to chapter 7 "isn't grave enough to justify judicial surgery on the statute . . . creditors are not powerless to prevent the running of the statute of limitations. A creditor can move for the appointment of a trustee in a Chapter 11 bankruptcy"); <u>In re Wright</u>, 2015 WL 1084549, at *3 (Bankr. N.D. Fla. March 9, 2015)(holding that "even if the Debtor was found to be deliberately holding up the chapter 11 case, 'the Bankruptcy Code recognizes the conflicting loyalties and priorities of a debtor-in-possession in Chapter 11 and contemplates that the exercise of trustee powers by a debtor-in-possession will be closely supervised by creditors whose interests might be affected thereby.'"); <u>Wiscovitch-Rentas v. Plastic Piping Prods. of Puerto Rico, Inc.</u>, 2009 WL 393639, at *1 (D.P.R. Feb. 11, 2009)("the estate's creditors ought to ensure that a chapter 11 debtor in

---

[9]    "Subsection (c)[now (a)] adds a statute of limitations to the use by the trustee of the avoiding powers.  The limitation is two years after his appointment, or the time the case is closed or dismissed, whichever occurs later."  Senate Report No. 95-989.

AO 72A
(Rev. 8/82)

possession diligently pursues the estate's causes of action"); In re Bodenstein, 253 B.R. 46 (B.A.P. 8th Cir. 2000)(finding no fraud or extraordinary circumstances for equitable tolling of the §546 statute of limitations in a case converted from a chapter 13 to a chapter 7 where the chapter 13 trustee did not pursue the transfer and the transfer had been disclosed on the statement of financial affairs); see also 11 U.S.C. §§1102, 1103, 1104, 1106 and 1112 (as a sampling of statutory provisions allowing chapter 11 creditors to act).

In this case, the United States Trustee and creditors were actively involved in the chapter 11 proceedings.[10] Debtor's operating reports that were filed within the two year limitations period show transfers to Hall and reflect an on-going relationship

---

[10]   The Court may review matters in its own record from the underlying bankruptcy case and related cases, as well as matters of public record, without converting a motion to dismiss to a motion for summary judgment. See Horne v. Potter, 392 F. App'x 800 (11th Cir. August 16, 2010)(a court may take judicial notice of public records as well as exhibits attached to a motion to dismiss that are central to the claim and undisputed); In re Mervyn's Holdings, LLC, 426 B.R. 488, 496 (Bankr. D. Del. 2010)("'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion into one for summary judgment.'" Additionally, another exception to Rule 12(b) exists and that is the public record exception . . . . [C]ourts may take judicial notice of public records to acknowledge that the facts contained in the records existed in the public realm at that time. The court may not, however, consider the truth of the information in the records.").

AO 72A
(Rev. 8/82)

with Hall within the 90 day reach back period of §547 and thereafter.  Specifically, the first operating report shows a pre-petition transfer to Hall.  See Chap. 7 Case No. 11-30148, Dckt. No. 40, p. 29.  The United States Trustee and creditors had notice of pre-petition payments being made to Hall and could have taken steps to pursue Debtor's transfers to Hall.

Debtor's amended chapter 11 plan was accepted by its creditors and confirmed in June 2012.  Debtor may have remained in a chapter 11 after ceasing business operations; however, the United States Trustee and creditors were on notice that operating reports were not being filed timely and could have pursued actions.  See generally 28 U.S.C. §586(a)(3)(D); see also 11 U.S.C. §§1102, 1103, 1104, 1106 and 1112.

Under these facts, the Trustee's complaint is insufficient to state a claim for "extraordinary circumstances" to justify equitable tolling for Debtor's purported intentional delay. Furthermore, Hall's acceptance of checks does not justify "extraordinary circumstances" for equitable tolling for the Trustee's §547 preference claim.  Based upon the alleged facts in the complaint, the Court finds there is insufficient pleading of extraordinary circumstances to survive a motion to dismiss.

The Trustee also contends Debtor's purported failure to

14

AO 72A
(Rev. 8/82)

turnover the bank accounts until February of 2015 after a consent order was entered on the Trustee's motion for turnover supports equitable tolling of the statute of limitations.  However, this purported conduct occurred after the statute of limitations expired so Debtor could not have been trying to delay in order to allow for the statute of limitations to pass.  Even if Debtor had immediately given the Trustee the records, the Trustee's action would be time barred.

The Trustee also alleges the time to file the complaint should be extended pursuant to Bankruptcy Rule 9006 because of "excusable neglect."   Pursuant to Federal Rule of Bankruptcy Procedure 9006(b):

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b).[11]  While Rule 9006 does not address time

_____

[11]    In this case, since the deadline has passed, Rule 9006 requires a showing of excusable neglect under paragraph (b)(2). Fed. R Bankr. P. 9006(b).

15

periods created by a statute, the Eleventh Circuit has applied Rule 9006(b) to the statute of limitations set forth in §546(a). <u>See In re Int'l Admin. Servs., Inc.</u>, 408 F.3d at 699. The Trustee argues the grounds cited for equitable tolling constitute excusable neglect. "The determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). For the reasons cited above, the Court after taking into account all the circumstances finds the Trustee has not alleged sufficient facts to state a claim of excusable neglect.

Count Two of the Trustee's amended complaint involving Georgia's Uniform Fraudulent Transfer Act, O.C.G.A. §18-2-70 et seq., is likewise time-barred as he fails to allege facts sufficient to state a claim to equitably toll the statute of limitations of §546. The Trustee's standing and authority to bring this O.C.G.A. §18-2-74 action is pursuant to §544(b). <u>See In re Int'l Pharm. & Disc. II, Inc.</u>, 443 F.3d 767, 770 (11th Cir. 2005) ("Under 11 U.S.C. §544(b), a trustee in bankruptcy may 'step into the shoes' of an unsecured creditor and void a transfer of an interest in the debtor's property that the unsecured creditor would have the power to void under federal or state law."); <u>In re Quality Pontiac Buick</u>

16

GMC Truck, Inc., 222 B.R. 865, 869 (Bankr. D. Minn. 1998)("A trustee's action applying state fraudulent transfer law is brought "under" §544, because without the specific empowerment of the statute the trustee would lack standing."); In re Bullock, 2012 WL 4511266, *5 (Bankr. N.D. Ga. Aug. 14, 2012); In re Spatz, 222 B.R. 157, 164 (N.D. Ill. 1998)[12]; In re Leach, 380 B.R. 25, 28-29 (Bankr. D.N.M. 2007); see also In re Gregg, 2013 WL 3989061, at *8 (Bankr. M.D. Ga. July 2, 2013)(explaining §544(b) is the bankruptcy authority for a trustee to bring a fraudulent transfer claim under Georgia's Uniform Fraudulent Transfer Act).

Section 544(b) states, "[E]xcept as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." 11 U.S.C. §544(b). Section 546 specifically includes actions brought pursuant to §544, and, in regards to this case, provides such actions may not be commenced two years after the order for relief.   See 11 U.S.C.

---

[12]   The non-Georgia cases referenced in this portion of the opinion involve interpretation of various states' adoption of the Uniform Fraudulent Transfer Act upon which Georgia's statute is based and are therefore persuasive authority.

17

§546(a) ("An action or proceeding under section 544 . . . may not be commenced after . . . 2 years after the entry of the order for relief . . . ."). Even though the four year state statute of limitations of O.C.G.A. §18-2-79 had not expired when the Trustee filed his complaint, the Trustee's action for this claim is barred because he is pursuing the claim through his authority as a lien creditor under §544 and §546 and he did not bring the action within the time set forth under §546(a). In re Naturally Beautiful Nails, Inc., 243 B.R. 827, 829 (Bankr. M.D. Fla. 1999); In re Gerardo Leasing, Inc., 173 B.R. 379 (Bankr. N.D. Ill. 1994); In re Mahoney, Troki & Assocs., Inc., 111 B.R. 914 (Bankr. S.D. Cal. 1990); 5 Collier On Bankruptcy ¶546.02[1][b], 546-10 (16th ed. rev. 2015)("If the state law limitations period governing a fraudulent transfer action has not expired at the commencement of a bankruptcy case, the trustee may bring the action pursuant to section 544(b), provided that it is commenced within the section 546(a) limitations period."); In re Am. Energy Trading, Inc., 291 B.R. 159, 164-5 (Bankr. W.D. Mo. 2003) citing 5 Collier on Bankruptcy, ¶546.02[1][b], 546-10 (15th ed. rev. 2003); In re Quality Pontiac Buick GMC Truck, Inc., 222 B.R. at 869-70. The Georgia four year statute of limitations is still relevant to ensure the time to bring the cause of action has not expired as of the petition date;

18

however, if it has not expired, the Trustee must file the action within the time frames set forth in §546(a).  See In re Antex, Inc., 397 B.R. 168, 174 (B.A.P. 1st Cir. 2008); In re Palisades At West Paces Imaging Ctr., LLC, 2011 WL 4459778, at *4 (Bankr. N.D. Ga. Sept. 13, 2011)("'[a]s long as the state law statute of limitations has not run before the debtor's filing for bankruptcy, the trustee can bring a fraudulent conveyance action as long as he or she complies with the provisions of §546(a).'") citing In re G-I Holdings, Inc., 313 B.R. 612, 646 (Bankr. D.N.J. 2004); In re Gregg, 2013 WL 3989061, at *9 (stating the majority of courts hold that "as long as the applicable state's limitations period has not expired prior to petition date, the trustee can bring a fraudulent conveyance action under §544(b) within the time limitations set forth in §546(a)"); In re Leach, 380 B.R. at 29-30 ("Once the bankruptcy petition is filed, 11 U.S.C. §546 governs the time for bringing fraudulent transfer actions under state law. . . . As long as the action is viable on the date of the bankruptcy petition and the trustee asserts the action within the period specified in §546, it is of no consequence that the limitations period expires during the pendency of the bankruptcy proceeding."); see also In re Dry Wall Supply, Inc., 111 B.R. 933 (D. Colo. 1990); but see In re Demis, 191 B.R. 851 (Bankr. D. Mont. 1996)(without discussion of

19

AO 72A
(Rev. 8/82)

§546, holding state statute of limitations apply); In re Davis, 138 B.R. 106 (Bankr. M.D. Fla. 1992)(noting the state law fraudulent transfer claim is brought under §544(b), but without discussing §546 stating the state's 4-year statute of limitations governs) citing In re Josefik, 72 B.R. 393 (Bankr. N.D. Ill. 1987)(without discussing §546 statute of limitations, stating where there is no federal statute of limitations, federal courts look to the forum's state statute of limitations). In certain circumstances, creditors may still be able to pursue their state law fraudulent transfer causes of action against non-debtor transferees, such as when the §546 statute of limitations has expired or the Trustee abandons such claims. See generally, In re Tessmer, 329 B.R. 776, 779 (Bankr. M.D. Ga. 2005)("[C]reditors do not regain the right to sue unless the trustee abandons the claim or he 'no longer has a viable cause of action' because, for example, the statute of limitations has run."); Johnson v. Allied Recycling, Inc., 746 S.E.2d 728, 731-32 (Ga. Ct. App. 2013)(noting that during a bankruptcy case, the bankruptcy trustee has the exclusive right to bring the avoidance actions but only under the limited time frame set forth in §546, but once the §546 statute of limitations expires creditors may regain standing to pursue state law fraudulent conveyance actions).

Furthermore, in these circumstances, §108(a) does not toll

20

the statute of limitations set forth in §546 because the Trustee's state fraudulent transfer action is brought under §544, where the Trustee is standing in the shoes of a "creditor" not the "debtor" and the statute of limitations for the cause of action is governed by §546.   See 2 Collier On Bankruptcy ¶108.02, 108-4 (16th ed. 2013)(when considering §108, "it is important to note, however, that periods of limitation for causes of action arising under the Code are separately governed by sections 546(a), 549(d) and 550(e).") citing In re Dry Wall Supply, Inc., 111 B.R. at 935 n. 2 (stating that §108(a) by its express terms only applies to actions which the "debtor" could commence pre-petition. "[Section 108] is therefore inapplicable to the trustee's action under §544(b), in which the trustee asserts a claim as a putative creditor."); see also In re Am. Energy Trading, Inc., 291 B.R. at 165 n.10 (§108 is not available to the Trustee bringing a cause of action under §544, as such claims are governed by §546); In re Revco D.S., Inc., 118 B.R. 468 (Bankr. N.D. Ohio 1990)("State law fraudulent conveyance actions cannot be brought by a debtor in the absence of bankruptcy proceedings.  Outside the context of a bankruptcy case, such actions may only be brought by creditors.  It is only the avoidance powers afforded to the debtor in possession and trustee by section 544 that enable a debtor or trustee to bring fraudulent conveyance actions.

21

Courts have, therefore, construed section 108 to be inapplicable to actions brought under section 544, leaving such actions subject only to the limitations set forth in section 546."); 1 Norton Bankr. Law & Practice 3d §16:1 (July 2015)(section 108(a) does not include causes of action that could be brought by a creditor).  Section 108(a) does apply to actions that may be brought by the debtor such as malpractice, negligence, or other causes of action.  In re Revco D.S., Inc., 118 B.R. at 499.  For these reasons, §108 may not be used to extend the statute of limitations in this case.

For the foregoing reasons, Hall's Motion to Dismiss the Trustee's complaint is ORDERED GRANTED.

_Susan D. Barrett_

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 17th day of September 2015.

22